DAVIS, Judge.
M.A.W. challenges the trial court’s denial of his motion to suppress marijuana that officers discovered on his person during a consensual weapons pat-down. Because the officer was not justified in lifting M.A.W.’s shirt to conduct a weapons pat-down, we reverse.
Two officers patrolling for alcohol and tobacco violations came upon M.A.W. and a group of friends behind a Boston Market. As soon as the officers arrived, M.A.W. threw a cigarette to the ground and began to walk away quickly. One of the officers asked M.A.W. to come back, and M.A.W. complied. Noticing that the pockets of M.A.W.’s pants, which were big and baggy, appeared to be full, the officer asked M.A.W. for consent to do a pat-down. M.A.W. agreed. Instead of performing a pat-down of M.A.W.’s outer clothing, the officer lifted M.A.W.’s shirt and, upon doing so, saw a plastic baggy of marijuana hanging out of M.A.W.’s pocket, along with a packet of rolling papers.
The officer exceeded the scope of M.A.W.’s consent to search when he lifted M.A.W.’s shirt and retrieved the baggy and rolling papers from M.A.W.’s pocket. Before lifting a suspect’s shirt pursuant to a weapons pat-down, an officer must first conduct a pat-down of the suspect’s outer clothing to detect the presence of a concealed weapon. If that outer clothing pat-down indicates the possible presence of a weapon, the officer is then authorized to search beneath the outer clothing. See Jamison v. State, 455 So.2d 1112 (Fla. 4th DCA 1984). Although an exception exists where the officer lifts the suspect’s shirt at the exact spot where the officer observed a bulge and believed a weapon to be concealed, that exception does not apply since the officer here offered no such testimony. See Johnson v. State, 696 So.2d 1271 (Fla. 5th DCA 1997).
*959 Because the officer here reached underneath M.A.W.’s shirt before conducting an outer clothing pat-down to discover the presence of a weapon, we conclude that the officer exceeded the scope of M.A.W.’s consent, and the- fruits of that illegal search must be suppressed. The trial court’s order denying M.A.W.’s motion to suppress the marijuana and rolling papers' is reversed. Accordingly, the trial court’s order withholding adjudication and imposing probation is reversed, and the matter is remanded to the trial court with directions to discharge M.A.W. as to this offense.
BLUE, C.J., and GREEN, J., Concur.'